[Civ. No. 9275.   Second Appellate District, Division One.—May 8, 1935.]

LEON BEAUMON, Respondent, v. KITTLE MANUFAC-
TURING COMPANY (a Corporation), Appellant.

Freston & Files for Appellant.

Roscoe R. Hess for Respondent.

EDMONDS, J., *pro tem.*—Appellant is the licensee of a
patent for a signaling device for automobiles, under a contract
entered into in 1927 with the respondent, who is the inventor
and patentee.   Respondent sued in another action for $2,500
as royalty for the year 1928, and secured judgment for that
amount against the appellant.   On appeal the judgment was
affirmed and the rights of the respective parties under the
contract determined.   (See *Beaumon* v. *Kittle Mfg. Co.*, 122
Cal. App. 547 [10 Pac. (2d) 508].)    In the present
action the respondent sued for royalty of $2,500 per annum
alleged to be due for the years 1929 to 1932, inclusive.   The
appellant pleaded and proved that respondent in January,
1930, entered into a contract with one Davis under which he
made certain agreements concerning the patent rights li-
censed to the appellant.   Appellant contends that by entering
into the contract with Davis, respondent breached the agree-

ment theretofore made with it. Respondent had judgment for $10,000 and the only point presented on appeal concerns the operation and effect of the Davis contract upon the one made by the respondent with appellant.

By the license agreement sued upon, respondent, as licensor, gave to the appellant, as licensee, the sole and exclusive right to manufacture, use and sell the patented direction signal for the full term of the patent. It was stipulated that the appellant has never manufactured any of the patented articles, the judgment against it being for the minimum royalty provided for by the license agreement. Appellant contends that plaintiff under his later contract with Davis made an assignment of an interest in the patent, and thereby divested himself of the means to insure the monopoly he granted to the appellant under its license agreement.

Giving the Davis contract all of the effect appellant claims for it, appellant's rights have not been interfered with. "An assignee of a patent takes it subject to all prior licenses given by former owners, even though such licenses were oral." (Amdur, Patent Law and Practice, p. 542.) "It is true that in some ways the rule seems anomalous; but it has passed into one of property clearly understood, and should not be interfered with, except, after due consideration, by statute. The present is an instance of how a dishonest inventor can work injury to several innocent parties; but, when defendant took its assignment, it had long passed into the text-books that such an assignee acquired title subject to prior licenses of which the assignee must inform himself as best he can, and at his own risk. (Rob. Pat., sec. 817; Walker, [5th ed.] secs. 303, 304.)" (*Keystone Type Foundry* v. *Fastpress Co.*, 272 Fed. 242, 245.)

Any interest in the patent acquired by Davis under his contract was subject to the appellant's license. Appellant's rights under its license were not interfered with by the Davis contract.

The judgment is affirmed.

Conrey, P. J., and Houser, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 3, 1935, and an applica-

tion by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 5, 1935.